Date signed July 16, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| OMAR BAH | : | Case No. 04-37269PM |
| CATHERINE BAH | : | Chapter 13 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| OMAR BAH | : | |
| CATHERINE BAH | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 07-0344PM |
| | : | |
| AL BAKER | : | |
| AMERINET FINANCIAL, LLC | : | |
| BRENNAN TITLE COMPANY | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case is before the court on the Motion of the Defendants, Amerinet Financial, LLC, and Al Baker, to dismiss the Complaint for turnover of property filed April 30, 2007,  and to hold these Defendants in contempt for violation of a court Order.  The court is advised that the Debtor Omar Bah passed away a few months prior to the filing of the adversary proceeding.

It is appropriate to trace the history of this case since its filing under Chapter 13 on December 3, 2004.  At all times pertinent Debtors have been  represented by members of the firm of Laura Margulies & Associates, LLC.  The meeting of creditors held pursuant to Section 341 of the Bankruptcy Code took place on January 6, 2005, and on March 29, 2005, Debtors'

Second Amended Chapter 13 Plan was confirmed (D.E. #29).  The Plan provided for payments

aggregating $1,092.00 for the first three months of the Plan and $749.00 a month for the

remainder of 36 months.  The Plan was funded pursuant to a payment Order served on the State

of Maryland, Mr. Bah's employer.  On June 20, 2005, Debtors filed a motion to modify their

Plan so as to reduce the payments from $749.00 a month to $400.00 a month (D.E. #41).  This

modification was said to be caused by reduced income and increased expenses.  That Plan, as

modified, provided for payment in full of joint unsecured claims 100% and, as before, with any

remaining funds distributed pro rata to those creditors holding claims against one of the Debtors.

With the Trustee's consent, the confirmed Plan was modified by Order entered June 29, 2005

(D.E. #49).

On November 8, 2005, Nissan Motor Acceptance Corporation ("Nissan"), the holder of a

lien secured by Debtors' 2003 Nissan Altima automobile, filed a motion for relief from stay

based upon Debtors' failure to make payments following the filing of the petition aggregating

$1,282.92.  Debtors' only Plan provision relating to the secured claim held by Nissan was in the

Modified Plan filed June 29, 2005, wherein the Debtors provided that the claim was not affected

by this Plan and would  be paid outside the Plan directly by the Debtors.  No opposition was

filed to Nissan's motion for relief from stay, and on December 7, 2005, this court passed an

Order granting Nissan relief from the stay (D.E. #69).

Thereupon, on January 30, 2006, Debtors filed a motion for leave to obtain a loan in the

sum of $270,000.00, repayable over 30 years, with all proceeds remaining after payment to the

holders of claims secured by their home to be turned over to the Trustee.  Upon the Trustee's

consent to this proposition, on February 22, 2006, the court passed an Order approving the

refinancing (D.E. #74) with payment to the Trustee of the lesser of the amount required to pay all

allowed claims or the total remaining net proceeds after payment of the costs of closing and

satisfaction of liens upon the property.  Nissan had filed a proof of a secured claim in the sum of

$20,706.20.  No arrears were shown on the proof of claim.

On April 28, 2006, the Trustee filed a motion to dismiss this case on account of Debtors'

failure to comply with this court's Order approving the secured debt.  Attached to the Trustee's

motion is a copy of the HUD-1 Statement provided by the settlement agent, the Defendant

Brennan Title Company (D.E. #76).  The Statement reflects a total loan of $254,300.00, with

$204,811.96 applied to the existing liens, $18,166.58 paid to the Trustee, $16,029.99 paid to

Nissan, $250.00 paid to Debtors' attorney, and some $8,952.41 paid to Amerinet Financial, LLC,

for an appraisal fee, credit report, mortgage application fee, processing fee, and a broker's fee. All in all, including the money paid to the Trustee and Nissan, some $49,248.98 was paid out. There is no question that the Settlement Sheet was signed by the Debtors. Despite the $500.00 fee disclosed on the Supplemental Disclosure of Compensation filed by counsel (D.E. #72) for filing the Motion to Refinance and the $250.00 payment shown on the Settlement Sheet, the court is advised that counsel did not accompany the Debtors to the meeting where they settled on the loan..

Following a hearing, the court dismissed this case on the Trustee's motion by Order entered June 22, 2006 (D.E. #80). That Order was vacated on Debtors' motion by an Order entered August 18, 2006 (D.E. #90). On that same date, the Debtors filed a motion to modify their Plan once again and reduce the monthly payments to $200.00 a month (D.E. #91). On October 18, 2006, an Order was entered approving this modification but at a level of $300.00 a month (D.E. #100). This adversary proceeding followed.

In paragraph 11 of the Complaint, the surviving Debtor charges that she was advised by the Defendant Al Baker to borrow more money than was necessary to pay off the secured loan in their Chapter 13 Plan so that they could also pay off the car loan. The advice was said to be given without counsel for Debtor's knowledge or consent. The court is troubled by this allegation in that the motion filed by counsel for the Debtor describes a loan of $270,000.00, and the loan that was consummated was in the amount of $254,300.00. Paragraphs 16 through 18 of the Complaint state:

16. As a proximate and direct result of the improper payment by Brennan to Nissan, the Debtors were forced to pay an additional amount to their unsecured creditors, over and beyond their disposable income. Furthermore, the Debtors new mortgage loan was increased because of the additional payment to Nissan. This has caused the Debtors injury because the increased plan payments and mortgage payments has caused them substantial hardship and has hindered their ability to obtain a fresh start.

17. Baker, Amerinet and Brennan improperly paid monies directly to Nissan which monies constitute property of the estate, and under 11 U.S.C. Section 1306, the Plaintiffs are entitled to possession of all property of the estate.

18. The Defendants failed to comply with this Court's Order, and as such, should be held in contempt of this Court.

This motion to dismiss the adversary proceeding is filed pursuant to Bankruptcy Rule 7012 that makes Rule 12 of the Civil Rules of Procedure applicable to adversary proceedings. After accepting all of the allegations complained in the Complaint as true and giving the Complaint the most liberal construction conceivable, the court finds that the Complaint does not state a cause of action.  Aside from the fact that an action under Section 542 of the Bankruptcy Code must be filed by the trustee or debtor-in-possession (*Collier on Bankruptcy* ¶ 542-01), the fact is that aside from the settlement charges paid over to Amerinet, these Defendants have no property to turn over.  The Debtor wants payment from the Defendants' funds that she states she and her late husband voluntarily turned over, perhaps to forestall the repossession of the Nissan automobile, as to which the stay of Section 362(a) of the Bankruptcy Code had been terminated. Nothing in the file shows that these Defendants ever had the requisite custody, possession or control of the property that the Trustee could use, sell or lease under Section 363 of the Bankruptcy Code.  The money went from the lender through the settlement agent to the third parties.  Plaintiff also complains of the higher mortgage payment required because of the funds required to pay off Nissan, but this contention conveniently overlooks the fact that the monthly payment to Nissan of $427.64 (D.E. #64) is no longer required.

The Plaintiff seeks punitive damages, and this application must likewise fall.  The court finds no willful violation of the automatic stay, nor can the court find that these Defendants did anything in violation of the Court's Order approving secured debt.  They were not parties to the Order.  The Debtor loses sight of the fact that under Section 502(a) of the Bankruptcy Code, the claim filed by Nissan was an allowed claim, no objection having been filed to it.  It is unfortunate that counsel was not at the side of the Debtors when this settlement was concluded. Similarly, it is difficult for the court to understand why counsel's motion originally sought $270,000.00 in refinancing when only $205,000.00 was required to pay off the existing liens and less than $18,000.00 required to complete the funding under the Plan.

An appropriate order will be entered.

cc:
Bradley J. Swallow/Susan J. Klein, Esq., Gordon, Feinblatt, Rothman Hoffberger Hollander,
    233 East Redwood Street, Baltimore, MD 20202
Carlton M. Green, Esq., 7309 Baltimore Avenue, Suite 115, College Park, MD 20740
Laura D. Margulies/Darine K. Tabbara, Esq., 6205 Executive Blvd., Rockville, MD 20852
Catherine Bah, 1902 Valley View Drive, Fort Washington, MD 20744
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**